UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

BYRON WARREN and
REBEKAH WARREN,

     Plaintiffs,

v.                           CASE NO.:

SANTANDER CONSUMER USA,
INC.,

     Defendant.

_____/

## **COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiffs, Byron Warren and Rebekah Warren, by and through the undersigned counsel, and sues Defendant, SANTANDER CONSUMER USA, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## **INTRODUCTION**

1.    The TCPA was enacted to prevent companies like SANTANDER CONSUMER USA, INC. from invading American citizen's privacy and to prevent abusive "robo-calls."

2.     "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3.     "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).   Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4.     According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC.  There are thousands of complaints to the FCC every month on both telemarketing and robocalls.  The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet:  Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.      Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.      The alleged violations described herein occurred in Troup County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

8.      Plaintiff Byron Warren is a natural person, and citizen of the State of Georgia, residing in Troup County, GA.

9.     Plaintiff Rebekah Warren is a natural person, and citizen of the State of Georgia, residing in Troup County, GA.

10.     The Plaintiffs are each the "called party."  See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

11.     Defendant, SANTANDER CONSUMER USA, INC., is a corporation with its principal place of business located at 1601 Elm Street, Suite 800, Dallas, TX 75201 and which conducts business in the State of Georgia through its registered agent, CT Corporation System located at 289 S. Culver St., Lawrenceville, GA, 30046.

12.     SANTANDER CONSUMER USA, INC. called the Plaintiffs approximately one thousand (1,000) times in an attempt to collect a debt related to an auto loan.

13.     Upon information and belief, some or all of the calls SANTANDER CONSUMER USA, INC. made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1)

(hereinafter "autodialer calls"). Plaintiffs will testify that they knew it was an autodialer because of the vast number of calls they received and because they heard a pause when they answered their phones before a voice came on the line; furthermore the Plaintiffs received prerecorded messages from SANTANDER CONSUMER USA, INC.

14.   Plaintiff Byron Warren is the subscriber, regular user and carrier of the cellular telephone number 706 *** 7274 and was the called party and recipient of Defendant's calls to that number.

15.   Plaintiff Rebekah Warren is the subscriber, regular user and carrier of the cellular telephone number 706 *** 6916 and was the called party and recipient of Defendant's calls to that number.

16.   SANTANDER CONSUMER USA, INC. placed an exorbitant number of automated and pre-recorded calls to Plaintiff's cellular telephone numbers 706 *** 7274 and 706 *** 6916 in an attempt to collect on an automobile loan.

17.   On many occasions since the origination of the loan in question the Plaintiffs have instructed SANTANDER CONSUMER USA, INC.'s agent(s) to stop calling their cellular telephones. The Plaintiffs both requested that the calls to their phones stop shortly after the calls began in 2008; furthermore Plaintiff Byron Warren again requested that the calls stop in mid-2017 when he told an agent of

SANTANDER CONSUMER USA, INC. "please stop calling me" during a telephone conversation.

18.    The autodialer calls from SANTANDER CONSUMER USA, INC. came from telephone numbers including but not limited to (888) 222-4227, and when that number is called a pre-recorded voice or agent answers and identifies the number as belonging to SANTANDER CONSUMER USA, INC.

19.    SANTANDER CONSUMER USA, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to both Plaintiffs cellular telephones in this case.

20.    SANTANDER CONSUMER USA, INC. has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to both Plaintiff's cellular telephones in this case, with no way for the consumers, or SANTANDER CONSUMER USA, INC., to remove the numbers.

21.    SANTANDER CONSUMER USA, INC.'s corporate policy is structured so as to continue to call individuals like the Plaintiffs, despite these individuals explaining to SANTANDER CONSUMER USA, INC. they do not wish to be called.

22.     SANTANDER CONSUMER USA, INC. has numerous other federal lawsuits pending against them alleging similar violations as stated in this Complaint.

23.     SANTANDER CONSUMER USA, INC. has numerous complaints against it across the country asserting that its automatic telephone dialing system continues to call despite being requested to stop.

24.     SANTANDER CONSUMER USA, INC. has had numerous complaints against it from consumers across the country asking to not be called, however Defendant continues to call these individuals.

25.     SANTANDER CONSUMER USA, INC.'s corporate policy provided no means for the Plaintiffs to have their numbers removed from SANTANDER CONSUMER USA, INC.'s call list.

26.     SANTANDER CONSUMER USA, INC. has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

27.     Not one of SANTANDER CONSUMER USA, INC.'s telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

28.     SANTANDER CONSUMER USA, INC. willfully and/or knowingly violated the TCPA with respect to the Plaintiffs.

29.     From each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to the Plaintiff's cell phones, the Plaintiff suffered the injury of invasion of privacy and the intrusion upon thier right of seclusion.

30.     From each and every call without express consent placed by SANTANDER CONSUMER USA, INC.  to the Plaintiff's cell phones, Plaintiffs suffered the injury of the occupation of their cellular telephone lines and cellular phones by unwelcome calls, making the phones unavailable for legitimate callers or outgoing calls while the phone was ringing from unwanted calls.

31.     From each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to Plaintiff's cell phones, Plaintiffs suffered the injury of unnecessary expenditure of their time. For calls they answered, the time they spent on the call was unnecessary as they repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's

cellular phones, which are designed to inform the user of important missed communications.

32.    Each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to Plaintiff's cell phones was an injury in the form of a nuisance and annoyance to the Plaintiffs. For calls that were answered, Plaintiffs had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiffs had to waste time to unlock the phone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular phones, which are designed to inform the user of important missed communications.

33.    Each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to Plaintiff's cell phones resulted in the injury of unnecessary expenditure of Plaintiff's cell phone's battery power.

34.    Each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to Plaintiff's cell phones where a voice message was left which occupied space in Plaintiff's phones or network.

35.    Each and every call placed without express consent by SANTANDER CONSUMER USA, INC. to Plaintiff's cell phones resulted in the injury of a

trespass to Plaintiff's chattel, namely their cellular phones and their cellular phone services.

36.    As a result of the calls described above, Plaintiffs suffered an invasion of privacy. Plaintiffs were both also affected in personal and individualized ways by stress, nervousness, embarrassment, and aggravation.

## COUNT I
### (Violation of the TCPA)

37.    Plaintiffs fully incorporate and reallege paragraphs one (1) through thirty-six (36) as if fully set forth herein.

38.    SANTANDER CONSUMER USA, INC. willfully violated the TCPA with respect to Plaintiff Byron Warren, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff Byron Warren notified SANTANDER CONSUMER USA, INC. that Plaintiff Byron Warren wished for the calls to stop.

39.    SANTANDER CONSUMER USA, INC. repeatedly placed non-emergency telephone calls to Plaintiff, Byron Warren's, cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff Byron Warren's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Byron Warren respectfully demands a trial by jury on all issues so triable and judgment against SANTANDER CONSUMER USA, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

**COUNT II**
**(Violation of the TCPA)**

40.    Plaintiffs fully incorporate and reallege paragraphs one (1) through thirty-six (36) as if fully set forth herein.

41.    SANTANDER CONSUMER USA, INC. willfully violated the TCPA with respect to Plaintiff Rebekah Warren, specifically for each of the auto-dialer calls made to Plaintiff, Rebekah Warren's cellular telephone after Plaintiff, Rebekah Warren notified SANTANDER CONSUMER USA, INC. that Plaintiff, Rebekah Warren wished for the calls to stop.

42.    SANTANDER CONSUMER USA, INC. repeatedly placed non-emergency telephone calls to Plaintiff, Rebekah Warren's, cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff, Rebekah Warren's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Rebekah Warren respectfully demands a trial by jury on all issues so triable and judgment against SANTANDER CONSUMER USA, INC. for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

*/s/Octavio Gomez*

Octavio "Tav" Gomez, Esquire
Georgia Bar #: 617963
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
tgomez@forthepeople.com
fkerney@forthepeople.com
jkneeland@forthepeople.com
mbradford@forthepeople.com
Attorney for Plaintiff